FILED
SUPERIOR COURT
OF GUAM

2023 AUG 30 PM 4:32

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **JOHNNY TOVES,** | **SUPERIOR COURT CASE NO. SP0125-20** |
| Employee-Petitioner, | |
| vs. | |
| **GUAM CIVIL SERVICE COMMISSION,** | **DECISION AND ORDER GRANTING TOVES'S AMENDED PETITION** |
| Respondent, | |
| vs. | |
| **DEPARTMENT OF PUBLIC WORKS,** | |
| Management-Real Party in Interest. | |

This matter came before the Honorable Dana A. Gutierrez on April 26, 2023 for a hearing on Employee-Petitioner Johnny Toves's ("Toves") Amended Petition for Judicial Review (the "Amended Petition"). Present at the hearing was Toves with counsel Attorney Joshua D. Walsh and Deputy Attorney General Graham Botha for the Management-Real Party in Interest Department of Public Works ("DPW").[1] Based upon the filings, arguments presented, and applicable law, the Court hereby **GRANTS** Toves's Amended Petition and **VACATES** the Guam Civil Service Commission's ("CSC") August 13, 2020 Amended Decision and Judgment and **REMANDS** the matter back to the CSC for further proceedings not inconsistent with this Decision and Order.

---

[1] Guam's Civil Service Commission's counsel Attorney Eric D. Miller was present at the hearing.

## BACKGROUND

On September 19, 2017, DPW issued an adverse action against Toves, dismissing him from employment. Cert. of Record, at 130 (July 29, 2022). On September 25, 2017, Toves appealed DPW's adverse action to the CSC.[2] *Id.* at 300.

On June 18, 2020, Toves failed to appear at a motion hearing before the CSC.[3] *Id.* at 8-19. At the motion hearing, DPW orally moved to dismiss the appeal based upon Toves's failure to appear. *Id.* at 8-12. The CSC Commissioners voted upon DPW's oral motion to dismiss and by a four (4) to one (1) vote, dismissed Toves's appeal. *Id.* at 16-19. On July 30, 2020, the CSC issued a Decision and Judgment, dismissing the matter with prejudice and citing a "5 to 1" vote by the CSC Commissioners at the June 18, 2020 hearing. *Id.* at 41-43. On August 5, 2020, Toves moved for reconsideration of the matter. *Id.* at 52-55. On August 13, 2020, the CSC issued an Amended Decision and Judgment, correcting that the Commissioners voted "4 to 1" to dismiss not "5 to 1." *Id.* at 36-38; Sub. of Am. Dec. and Judg., at 4 (Jan. 15, 2021).

On August 28, 2020, Toves filed a Petition for Judicial Review before this Court, seeking judicial review of the CSC's decision to dismiss Toves's adverse action appeal with prejudice. Am. Pet., at 1 (Dec. 18, 2020). On October 21, 2020, the CSC filed a Notice of No Position, stating that the CSC "will not be taking a position in this litigation and will not be filing a reply herein." Not. of No Pos., at 1 (Oct. 21, 2020).

On December 18, 2020, Toves filed his Amended Petition.[4] On January 15, 2021, Toves filed a Submission of Amended Decision and Judgment which had attached the CSC's August 13, 2020 Amended Decision and Judgment. On February 19, 2021, DPW filed an Answer to

---

[2] Toves's adverse action appeal was CSC Adverse Action Case No. 17-AA16T.
[3] Toves's lay representative Robert E. Koss was present at the hearing. Cert. of Record, at 8-19.
[4] The Amended Petition was verified by Toves.

Amended Verified Petition for Judicial Review and Subsequent Filing of Amended Decision and Judgment (the "Answer").

On March 13, 2021, the Court issued an Order After Hearing Re Further Briefing. On April 9, 2021, Toves filed a Further Briefing Re: Proposed Scheduling Order and Discovery Plan. On April 9, 2021, DPW also filed a Further Briefing Per Order After Hearing. On June 30, 2021, the Court issued an Order Re Discovery and Briefing Scheduling, declining to issue Toves's Proposed Scheduling Order and Discovery Plan and ordering a briefing schedule to follow the submission of the certification of the record.[5] Order Re Disc., at 3-4 (June 30, 2021). On July 29, 2022, Toves filed a Certification of the Record which included transcripts from the June 18 and July 30, 2020 hearings. *See* Cert. of Rec., at 1.

On September 7, 2022, Toves filed an Opening Brief (the "Brief"). On October 7, 2022, DPW filed an Opposition Brief. Later that same day, DPW filed a Notice of Errata "to include the missing pages inadvertently omitted from Exhibit 1" of the Opposition Brief and filed an Amended Opposition Brief (the "Amended Opposition") which included the omitted pages. Not. of Errata, at 1 (Oct. 7, 2022). On October 31, 2022, Toves filed a Reply Brief (the "Reply").

On April 26, 2023, a Petition Hearing was held. Upon hearing arguments from the parties, the Court took the matter under advisement and now issues this Decision and Order.

## **DISCUSSION**

The issue before the Court is whether the Court should vacate the CSC's dismissal of Toves's appeal with prejudice and remand this matter back to the CSC for further proceedings.

### **I.     Standard of Judicial Review for CSC Decisions**

Agency actions are reviewed in accordance with the Administrative Adjudication Law

---

[5] While waiting for completion of the transcript and certification of the record, the Court held Status Hearings on August 17, and November 16, 2021, and January 18, April 19, and May 3, 2022.

("AAL"). *Port Transp., Stevedore, & Terminal Emps. v. Guam Civil Serv. Comm'n (Port Auth. of Guam)*, 2018 Guam 18 ¶ 5; 9 GCA §§ 9100 *et seq.*

The AAL provides that:

> Judicial review may be had of any agency decision by any party affected adversely by it. If the agency decision is not in accordance with law or not supported by substantial evidence, the court shall order the agency to take action according to law or the evidence.

5 GCA § 9240 (2005). Therefore, "[q]uestions of fact are reviewed under the substantial evidence standard, while questions of law are reviewed de novo." *Port Auth. of Guam*, 2018 Guam 18 ¶ 5.

Accordingly, "a reviewing body 'may not substitute its views for those of the [agency], but instead must accept the [agency's] findings unless they are contrary to law, irrational, or unsupported by substantial evidence." *Id.* (quoting *Fagan v. Dell'Isola*, 2006 Guam 11 ¶ 11).

## II.     Toves Claims the CSC Erred By Dismissing His Appeal With Prejudice Because DPW's Oral Motion to Dismiss Did Not Comply With the CSC Rules

Toves claims that "[t]he CSC committed an error by dismissing [Toves's] case with prejudice for his failure to attend a non-dispositive motion hearing" and that "[t]he CSC also committed significant due process errors" with this dismissal. Brief, at 8 (Sept. 7, 2022).

Toves claims that during his appeal as a classified employee, the CSC stopped having hearings in early 2020 due to the COVID-19 pandemic. *Id.* at 2-4. Toves claims that after the CSC reopened from the shutdown, the CSC set a motion hearing for June 18, 2020, regarding "non-dispositive matters associated with the order of witnesses to appear at the eventual hearing on the merits of [Toves's] appeal." *Id.* at 4-5.

Toves does not dispute the fact that he failed to attend the June 18, 2020 hearing but instead alleges that his lay representative informed the CSC at the hearing that he had "lost contact with [Toves] during the shutdown period . . . ." *Id.* Toves alleges that due to his failure to

4

appear, DPW "orally 'move[d] to dismiss this case . . . ." *Id.* (citing to Cert. of the Record, Ex. 1).

Toves claims that this was a "dispositive, unnoticed oral motion" and notes that "while tabling the motion was discussed, the CSC proceeded with a vote that evening and dismissed Mr. Toves's appeal 'with prejudice.'" *Id.* (citation omitted).

Toves argues that "the CSC, in entertaining an oral motion to dismiss the Petitioner's appeal, not only violated tenets of due process, but also violated their own Rule 9 that requires that 'all pre-hearing motions must be in writing and must be filed and then served on all other parties . . . ." *Id.* at 9-10.

In response, DPW claims the CSC Adverse Action Appeal Rule ("AA Rule") 9.6 "required [Toves] to be present at the June 18, 2020 hearing since he had not filed a motion requesting to be excused and his presence was not excused in advance of the hearing." Am. Opp'n, at 6 (Oct. 7, 2022). DPW claims, on the other hand, that DPW was "not required to file any motion in advance of the June 18, 2020, or even at the hearing to have the Commissioners entertain an oral motion to dismiss . . . ." *Id.* at 8.

DPW alleges, therefore, "[t]he Commissioners acted lawfully and within their discretion pursuant to CSC [AA] Rule 9.6 and as allowed by CSC [AA] Rule 9.1.1 (March 1, 2010) to take official action dismissing Employee's appeal with prejudice when [Toves] failed to appear and pursue his appeal." *Id.* at 7.

Toves disputes DPW and the CSC's reliance on these rules and claims that "[n]either rule applies as intimated by [DPW]." Reply, at 3 (Oct. 31, 2022). Toves argues that "9.1.1is [*sic*] limited to situations where the Commissioner(s) raise issues 'not raised by motion of the

parties'" and "9.6 does not contemplate the oral motion that [DPW] made" and therefore, these rules are not applicable in this situation. *Id.* at 3, n.2.

### A. The Parties Do Not Dispute the Facts But Only the Legal Interpretation of the CSC Rules, Therefore, *De Novo* Review Applies

Upon review of the arguments, the Court finds that the parties do not dispute the factual allegations underlying the dismissal of the appeal. It is undisputed that Toves, a classified employee, appealed an adverse action taken by DPW to the CSC and that during the appeal, at the June 18, 2020 motion hearing, Toves did not appear. Further, it is undisputed that based upon his failure to appear at the motion hearing, DPW's counsel orally moved the CSC to dismiss the appeal, and upon consideration of DPW's oral motion, the CSC voted and granted the motion to dismiss at the June 18, 2020 hearing.

Therefore, the Court finds that the parties' dispute is not over any factual determinations by the CSC but instead whether the CSC had the legal authority under the CSC AA Rules to entertain an oral motion to dismiss and to dismiss Toves's appeal with prejudice. Accordingly, the Court shall review the CSC's interpretation of the rules *de novo. See* 5 GCA § 9240; *see also Port Auth. of Guam,* 2018 Guam 18 ¶ 6 ("In reviewing an agency's construction of a statute, the court must reject those constructions that are contrary to clear [legislative] intent or frustrate the policy that [the Legislature] sought to implement." (citation omitted))

### B. The CSC Was Created To Ensure a Fair Process for Adverse Action Appeals That Provides Parties Notice and an Opportunity to Be Heard

"The CSC is designed as part of the merit system to ensure that there is notice and an opportunity to be heard, as provided by the Fourteenth Amendment Due Process clause of the Constitution." *Carlson v. Perez,* 2007 Guam 6 ¶ 33; *see Port Auth. of Guam,* 2018 Guam 18 ¶ 29 ("It is well-settled that where a government employee has a constitutionally protected interest in

continued employment, any adverse action triggers due process protections, which include 'procedural guarantees ... [of] notice and a hearing at a meaningful time, in a meaningful way.'")

Article III of the AAL "permits an administrative agency, including the CSC, to promulgate rules" and "[u]nder this authority . . . the CSC promulgated the [CSC AA Rules] . . . with the purpose 'to create a fair process with which to adjudicate Adverse Action Appeals.'" *Port Auth. of Guam v. Civ. Serv. Comm'n (Guevara)*, 2018 Guam 1 ¶ 32 (citation omitted).

## C.     The Parties Dispute the Interpretation of the CSC AA Rules

In this case, Toves claims that DPW's oral motion to dismiss was improper because all motions, prior to the final hearing on the merits, need to be in writing and filed pursuant to Rule 9 of the CSC AA Rules. Brief, at 9.

CSC AA Rule 9, titled "Pre-hearing Motions and Burden of Proof," states:

The moving party bears the burden of proof on motions by a preponderance of the evidence. The parties shall file any motion regarding procedural issues or questions of law prior to the hearing on the merits.

All pre-hearing motions must be in writing and must be filed and then served on all other parties at the time designated by the Executive or his designee. No late filings shall be accepted.

CSC AA Rule 9.

"It is a cardinal rule of statutory construction that courts must look first to the language of the statute itself. Absent clear legislative intent to the contrary, the plain meaning prevails." *Sumitomo Constr., Co., Ltd. v. Govt. of Guam*, 2001 Guam 23 ¶ 17. Statutory interpretation applies to interpreting CSC rules. *See Guam Hous. Corp. v. Guam Civ. Serv. Comm'n (Potter)*, 2015 Guam 22 ¶ 22 (applying plain meaning interpretation to the CSC rules).

The plain language of CSC AA Rule 9 states that all motions prior to a final hearing on the merits must be in writing and filed. The Court does not find any language in the rule that provides an exception to this requirement.

### 1. DPW Relies on Rules 9.1.1 and 9.6 as the Basis for CSC's Authority to Grant an Oral Motion to Dismiss

DPW claims that the CSC had authority to grant an oral motion to dismiss under CSC AA Rules 9.1.1 and 9.6.

Rule 9.1.1 is titled "Issues Raised by the Commission" and states:

> Any Commissioner may, at any time, raise issues *not raised by motion of the parties*. Upon a majority vote of the CSC, such issues must be addressed by the parties and decided by the CSC.

CSC AA R. 9.1.1 (emphasis added).

The rule states that a Commissioner may "raise issues not raised by motion of the parties." *Id.* As stated above, it is undisputed that DPW, and not a Commissioner, raised the issue of Toves's absence to the CSC as an oral motion to dismiss. Therefore, based on this fact, the Court finds that Rule 9.1.1 is not applicable to this case.[6] *Id.*

### 2. Rule 9.6 Does Not Provide an Exception to the Requirement That Pre-Hearing Motions Must Be Written and Filed

DPW also relies on CSC AA Rule 9.6, which is titled "Motion to Allow Hearing in the Absence of the Employee," and provides that:

> The CSC may dismiss an appeal if the Employee is not present for the hearing on the merits or motion hearing, unless the Employee has a reasonable excuse.

> A motion to permit an Employee to be absent from the hearing on the merits or motion hearing shall set forth the factual basis for the motion. The CSC may require affidavits in support of the motion.

---

[6] Further, a plain reading of Rule 9.1.1 requires a majority vote of the CSC to occur and *then* permits the parties an opportunity to address such issues. In this case, the CSC did not vote to determine whether the parties should address the issue of dismissal, but rather the CSC conducted a final vote on the motion to dismiss. Therefore, the CSC did not comply with this aspect of the rule as well.

CSC AA R. 9.6.

In this case, a plain reading of the rule grants the CSC discretion to dismiss an appeal if an employee is not present at a hearing unless there is a reasonable excuse. The rule permits an employee to file a motion and supporting affidavits to be absent from a hearing, as well. However, as further discussed below, the CSC does not have the authority to grant an oral motion to dismiss when an employee fails to appear at a motion hearing.

a.   **CSC Rules Need to Be Read as a Whole with Consideration of the Underlying Object and Policy**

As stated above, statutory interpretation applies when interpreting CSC rules. *See Potter*, 2015 Guam 22 ¶ 22 (applying plain meaning interpretation to the CSC rules).

While there is deference to the plain-meaning of a statute, "such language need not be followed where the result would lead to absurd or impractical consequences, untenable distinctions, or unreasonable results." *Sumitomo*, 2001 Guam 23 ¶ 17. "Absurdity may result when the legislature drafts a statute using language that is broader and more sweeping than that which the legislature intended." *Id.* "In such cases, the court can interpret the broad language in a limited fashion in an effort to effectuate legislative intent." *Id.* "Moreover, in determining legislative intent, a statute should be read as a whole, and therefore, courts should construe each section in conjunction with other sections." *Id.* "Accordingly, '[i]n expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy." *Id.* (citation omitted).

b.   **When Considering the Other CSC AA Rules and the Object and Policy of the CSC, the CSC Does Not Have Authority to Grant DPW's Oral Motion to Dismiss under Rule 9.6**

When the various subsections of CSC AA Rule 9 are read as a whole, the Court does not find that Rule 9.6 provides the CSC with the authority to vote on an oral motion to dismiss when

an employee fails to appear at a motion hearing.

First, as stated above, CSC AA Rule 9 requires that all pre-hearing motions prior to the final hearing on the merits be done in writing and be filed. Further, CSC AA Rule 9.5, which is titled "Motions to Dismiss," states that "[t]he legal and factual bases of such motions must be sufficiently set forth in the motion and supporting affidavits." CSC AA R. 9.5. Therefore, a reading of Rule 9.5 in conjunction with Rule 9 makes it clear that a motion to dismiss is to be written and filed prior to the final hearing on the merits. *See* CSC AA R. 9, 9.5.

Neither Rule 9.1.1 nor Rule 9.6 provides any exception permitting motions not to follow this overarching rule for pre-hearing motions. *See* CSC AA R. 9, 9.1.1, 9.6. Upon review of the other CSC AA Rules, the Court does not find any section permitting pre-hearing motions to be raised orally nor any rule permitting the CSC to dismiss an action without giving the employee an opportunity to respond.

Therefore, the Court finds that Rule 9.6 does not provide the CSC authority to dismiss the appeal based upon a party's oral motion. But rather, Rule 9.6 provides a basis for a party to move to dismiss, in writing, when a party fails to appear at a motion hearing. Further, the Court finds that an interpretation permitting the CSC to dismiss without giving the employee an opportunity to respond in writing would defeat the legislative purpose of the CSC to create a fair process which guarantees parties notice and an opportunity to be heard in a meaningful way. *See Guevara,* 2018 Guam 1 ¶ 32; CSC AA R. 2.

Thus, the Court finds that the CSC's decision to grant the oral motion to dismiss was improper and did not comply with the CSC AA Rules.

### III.   Toves's Failure to Request Relief from the CSC's Amended August 13, 2020 Decision and Judgment Is Not a Fatal Error

DPW claims that Toves "requested review of the [CSC's] Decision and Judgment dated

10

July 30, 2020, but did not request review of CSC's Amended Decision and Judgment issued on August 13, 2020." Am. Opp'n, at 2, n.1. DPW requests that due to this failure "that the court deny all relief requested by Petitioner and dismiss this appeal with prejudice for failure to state a claim for relief."[7] *Id.* at 11.

"The court must, in every stage of an action, disregard any error, improper ruling, instruction, or defect, in the pleadings or proceedings which, in the opinion of said court, does not affect the substantial rights of the parties." 7 GCA § 15802.[8]

"A party is entitled to any and all relief which may be appropriate under the scope of his pleadings and within the facts alleged and proved, irrespective of the theory upon which the facts were pleaded, the title of the pleading, or what relief was sought by the prayer." *Potrero Homes v. W. Orbis Co.*, 104 Cal. Rptr. 633, 637 (Cal. App. 2d Dist. 1972); *see also* 49 C.J.S. Judgments § 67 ("A court may grant relief that is warranted by the facts if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party.").

Although DPW argues that Toves's failure to cite to the Amended August 13, 2020 Decision and Judgment by the CSC should result in dismissal, DPW also acknowledges that the Amended August 13, 2020 Decision and Judgment only "corrected the numerical vote" of the CSC Commissioners from 5-1 "to the actual 4-1 vote . . . ." Am. Opp'n, at 2, n.1. The Court finds that the Amended August 13, 2020 Decision and Judgment did not change any other part of the July 30, 2020 Decision and Judgment. The Court finds that the relief requested by Toves is nearly identical and supported by the same arguments. In addition, the Court notes that DPW

---

[7] The Court notes that Toves does not raise any defense to this argument in his filings or at the motion hearing.
[8] Section 15802 is identical to California Civil Procedure Code § 475. *See Fenwick v. Watabe Guam, Inc.*, 2009 Guam 1 ¶ 34. Therefore, California case law provides persuasive authority. *Cruz v. Cruz*, 2005 Guam 3 ¶ 9 (finding that California case law is "persuasive" authority for Guam statutes that are derived from California statutes).

was on notice as of January 15, 2021 that Toves was challenging the CSC's August 13, 2020 Amended Decision and Judgment when Toves submitted it before the Court. Further, the Court finds that DPW will suffer no prejudice in granting this relief to match the Amended August 13, 2020 Decision and Judgment because the arguments against either Decision and Judgment would have been the same. Therefore, while the Court notes that Toves did not cite to the correct Decision and Judgment in his Amended Petition, the Court does not find this error fatal and interprets the relief requested to be concerning the Amended August 13, 2020 Decision and Judgment.

## IV. Toves's Request for Attorney's Fees Is Denied

Toves seeks to "be awarded his attorney's fees and costs on appeal."[9] Am. Petition, at 9 (Dec. 18, 2020). DPW requests that "the Court deny the request for attorney's fees." Answer, at 4 (Feb. 19, 2021).

Guam has adopted the "American rule" that "each party bears its own expenses of litigation, including attorney's fees." *See Fargo Pac., Inc. v. Korando Corp.*, 2006 Guam 22, ¶ 49. "The exceptions to the American rule include where attorney's fees are: (1) authorized by statute, (2) authorized by contract, or (3) allowed in judicially-established equitable circumstances." *Fleming v. Quigley*, 2003 Guam 4, ¶ 7.

The Supreme Court of Guam has held that "an employee who ultimately prevails in an adverse appeal action 'is entitled to [the] attorney's fees and costs that [he or] she incurred while prosecuting this appeal under section 4406.1 both at the Superior Court and Supreme Court." *Potter,* 2015 Guam 22 ¶ 26 (citation omitted).

4 GCA § 4406.1 provides:

---

[9] Toves does not cite any statutory authority or case law to support this claim.

> If an employee in the classified service retains an attorney to represent him or her before the Civil Service Commission or other applicable administrative body to challenge an adverse action brought against the employee, and the employee prevails in whole or in part before the Civil Service Commission or other applicable administrative body or a withdrawal of the adverse action by the department, agency or instrumentality that brought the adverse action, the employee shall be awarded and paid costs, if any, and reasonable attorney's fees because of such attorney representation from funds of the department, agency, or instrumentality in which the employee was employed.

4 GCA § 4406.1 (2005).

At this stage of the proceedings, while the Court finds that Toves's adverse action appeal was improperly dismissed, Toves has not ultimately prevailed before the CSC, in whole or in part, as required under 4 GCA § 4406.1. *See Guam Mem'l Hosp. Auth. v. Civ. Serv. Comm'n (Chaco)*, 2015 Guam 18, ¶ 48 (finding that a party must first prevail before the CSC to be awarded attorney's fees). Further, Toves does not put forward what exception under the American Rule he is claiming attorney's fees, and the Court declines to award attorney's fees at this stage of the proceedings.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Toves's Amended Petition and **VACATES** the CSC's August 13, 2020 Amended Decision and Judgment and **REMANDS** the matter back to the CSC for further proceedings not inconsistent with this Decision and Order. Toves's request for attorney's fees is **DENIED.**

**SO ORDERED** this 30th day of August, 2023.

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

_Civil High ___
CSC, Perrano, Dald Toves
Date: _____ Time: _____

*AMY COLLEEN K. ARCEO*
Deputy Clerk, Superior Court of Guam

**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**